IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROSALEE V. ZARROW,     :
  Plaintiff,      :
           :
v.          :  CIVIL ACTION NO. 25-CV-6552
           :
INGLIS HOUSE, *et al.*,    :
  Defendants.     :

**MEMORANDUM**

**MARSTON, J.**               **February 3, 2026**

Pro se Plaintiff Rosalee V. Zarrow brings this civil action pursuant to 42 U.S.C. § 1983, naming as Defendants Inglis House and Annalise Henwood.[1]  She also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Zarrow leave to proceed *in forma pauperis* and dismiss her Complaint.[2]

## I. FACTUAL ALLEGATIONS[3]

Zarrow's allegations are brief.  She asserts that Inglis House, a nursing home where she is employed, "failed to protect [her] from abuse, intimidation, and harassment" when it allowed resident Annalise Henwood to "continuously taunt and lie" about Zarrow.  (Doc. No. 2 at 4.)  Specifically, Zarrow alleges that on August 5, 2025, when Zarrow was working a shift at Inglis House, Henwood called her "foul names," lied to Zarrow's supervisors that she had harmed Henwood, and "continuously taunt[ed] and bull[ied] [Zarrow] to get [her] terminated."  (*Id*.)

---

[1] Zarrow adds "et al." after each Defendant's name, implying that there are additional Defendants.  (Doc. No. 2 at 2.)  However, only two Defendants are named in the Complaint.

[2] Zarrow's Request for Entry of Default pursuant to Federal Rule of Civil Procedure 55 (Doc. No. 5) will be stricken because her Complaint has not been served.

[3] The facts set forth in this Memorandum are taken from Zarrow's Complaint (Doc. No. 2).  The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

Zarrow alleges she has suffered an unspecified "mental injury" as well as "physical injuries" caused by "thrown objects." (*Id*. at 5.) She seeks millions of dollars in damages. (*Id*.)

## II.    MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Because Zarrow is unable to pay the filing fee in this matter, the Court grants her leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the commencement of a lawsuit "without prepayment of fees or security" upon a showing that a prisoner is "unable to pay such fees or give security therefor").

## III.    SCREENING UNDER § 1915(E)

Because the Court grants Zarrow leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state "a claim on which relief may be granted." *See id.* ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—the action or appeal fails to state a claim on which relief may be granted.").

### A.    Legal Standard

In analyzing a complaint under § 1915(e)(2)(B)(ii), we use the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). So, the Court must determine whether Zarrow's Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Conclusory allegations do not suffice. *Id.* However, because Zarrow is proceeding pro se, we liberally construe the allegations in her Complaint. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

**B.      Analysis**

Zarrow appears to bring constitutional due process claims pursuant to 42 U.S.C. § 1983, as well as federal discrimination claims under Title VII.[4]  The Court addresses each category of claims in turn.

### 1.      Constitutional Claims

Zarrow asserts a Fourteenth Amendment due process claim pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Here, Zarrow has not satisfied the second requirement—state action.  *See Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

---

[4] Zarrow also references in passing "42 Pa. C.S. § 5525(a)" (Doc. No. 2 at 3), a Pennsylvania statute providing that a four-year statute of limitations applies to state law claims based on contracts.  *See* 42 Pa. Stat. & Cons. Stat. § 5525(a).  And she states on the civil cover sheet attached to her Complaint that she is asserting a cause of action for "breach of contract."  (Doc. No. 2 at 9.)  The Complaint does not, however, mention a contract or provide any basis for the Court to find a contract was breached.  (*See generally id.*)  Accordingly, to the extent Zarrow attempts to bring claims for breach of contract, they are dismissed.

Likewise, Zarrow references in passing, "Title 18 § 242" (*id.* at 3, 9), which provides that:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . shall be fined under this title, or imprisoned, . . . or both . . . .

18 U.S.C. § 242.  It is well-settled that § 242, which is the criminal counterpart to § 1983, does not create a private right of action.  *See Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009); *see also Colon-Montanez v. Pa. Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (confirming that 18 U.S.C. § 242, "which criminalizes the deprivation of rights under color of law" provides "no private right of action for use" by a civil litigant).  Accordingly, to the extent Zarrow attempts to assert claims pursuant to § 242, they are dismissed.  And because this is not a deficiency curable by amendment, dismissal is with prejudice.

Whether a private entity or individual is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Zarrow has not alleged facts to plausibly suggest that either Inglis House or Henwood is a state actor. She states that "[u]nder color of law, Inglis House et. al. failed to protect I (the Plaintiff) from abuse, intimidation and harassment." (Doc. No. 2 at 4.) This conclusory reference to "under color of law" is not sufficient to allege that Inglis House, which Zarrow identifies as a nursing home facility, is a state actor. And the mere fact that nursing homes such as Inglis House may be regulated or subsidized by the state—facts that are not even alleged in the Complaint—does not render them state actors. *See Blum v. Yaretsky*, 457 U.S. 991, 1011 (1982) (rejecting argument that nursing homes were state actors in light of "state subsidization of the operating and capital costs of the facilities, payment of the medical expenses of more than 90% of the patients in the facilities, and the licensing of the facilities by the State"); *see also Schneller v. Crozer Chester Med. Ctr.*, No. 06-0698, 2009 WL 737337, at *6 (E.D. Pa. Mar. 19,

2009) ("The fact that hospitals and nursing homes may be extensively regulated and may receive financial support from the government through Medicaid and Medicare does not make them state actors." (citing *Blum*, 457 U.S. at 1011)), *aff'd sub nom. Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289 (3d Cir. 2010).  Likewise, the Complaint is lacking in any allegations to plausibly suggest that Henwood is anything but a private individual who resides at Inglis House.  *See Coulter v. Coulter*, No. 22-1806, 2023 WL 3075044, at *13 (W.D. Pa. Apr. 25, 2023) (noting that "[p]rivate individuals ordinarily do not act under color of state law and thus are not liable under Section 1983." (citation and quotation marks omitted)), *aff'd*, No. 23-2222, 2024 WL 163081 (3d Cir. Jan. 16, 2024).

Because Zarrow fails to plead any facts to suggest that either Defendant is a state actor, her § 1983 claims against them will be dismissed.  However, Zarrow will be given an opportunity to submit an amended complaint and may reassert her claims under § 1983 if she can in good faith cure the deficiencies identified in this Memorandum.

### 2.    Title VII

Zarrow alleges that Inglis House "failed to protect" her from Henwood's verbal and physical abuse.  (Doc. No. 2 at 4.)  To the extent this allegation is Zarrow's attempt to assert a hostile work environment claim against Inglis House under Title VII of the Civil Rights Act of 1964, that claim also fails.

"Under Title VII, a hostile work environment exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Starnes*, 971 F.3d at 428 (citations and quotation marks omitted).  To plead a plausible hostile work environment claim, a plaintiff must allege: (1) she suffered intentional discrimination because of membership in a protected class; (2) the discrimination was severe or pervasive; (3)

the discrimination detrimentally affected her; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present. *Starnes v. Butler Cnty. Ct. of Common Pleas, 50th Jud. Dist.*, 971 F.3d 416, 428 (3d Cir. 2020) (cleaned up); *Felder v. Penn Mfg. Indus., Inc.*, 303 F.R.D. 241, 243 (E.D. Pa. 2014).

"In some circumstances, an employer may be liable under Title VII for the harassing conduct of third parties if the employer was aware of the conduct and failed to take reasonable remedial action in response." *Robinson v. Am. Reading Co.*, No. 24-5608, 2025 WL 1243058, at *4 (E.D. Pa. Apr. 29, 2025) (citing *Johnson v. Bally's Atl. City*, 147 F. App'x 284, 285–86 (3d Cir. 2005) and *Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1074 (10th Cir. 1998)); *see also Pryor v. United Air Lines, Inc.*, 791 F.3d 488, 498 (4th Cir. 2015) ("[A]n employer may be liable for hostile work environments created by co-workers and third parties 'if it knew or should have known about the harassment and failed to take effective action to stop it . . . [by] respond[ing] with remedial action reasonably calculated to end the harassment.'" (citation omitted)).

Although Zarrow asserts that she suffered harassment at the hands of Henwood and that Inglis House failed to stop it, she does not allege that she is a member of a protected class or that the harassment she suffered was related to her membership in a protected class. *See Jensen v. Potter*, 435 F.3d 444, 449 (3d Cir. 2006) ("Many may suffer severe or pervasive harassment at work, but if the reason for that harassment is one that is not proscribed by Title VII, it follows that Title VII provides no relief."), *overruled in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). Accordingly, Zarrow does not allege a plausible Title VII claim against Inglis House.[5] However, Zarrow will be given leave to amend her complaint

---

[5] Zarrow cannot assert a Title VII claim against Henwood, as Title VII makes it unlawful for an "employer" to discriminate. 42 U.S.C. § 2000e-2(a)(1). An "employer" is defined as a "person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a

and she may reassert her Title VII claim if she can in good faith allege a plausible claim against Inglis House under the standard set forth above.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Zarrow leave to proceed *in forma pauperis* and dismiss her Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915. Zarrow's claims are dismissed with prejudice to the extent they are premised on 18 U.S.C. § 242. Zarrow's claims pursuant to § 1983, for breach of contract, and under Title VII are dismissed without prejudice.  Zarrow may submit an amended complaint to the extent she can in good faith cure the deficiencies identified in this Memorandum.  An appropriate order follows.

---

person."  42 U.S.C. § 2000e(b).  There is no suggestion in the Complaint that Henwood, apparently a resident of Inglis House, was acting as its agent.