### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSALEE V. ZARROW, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 25-CV-6552** |
| | : | |
| INGLIS HOUSE, *et al.*, | : | |
|    Defendants. | : | |

### <u>MEMORANDUM</u>

MARSTON, J.                                                                                              **May 8, 2026**

In a prior Memorandum and Order, this Court dismissed the Complaint filed by pro se Plaintiff Rosalee Zarrow asserting Fourteenth Amendment due process and Title VII employment discrimination claims against Defendants Inglis House and Annalise Henwood. *Zarrow v. Henwood*, No. 25cv6552, 2026 WL 286126 (E.D. Pa. Feb. 3, 2026). The due process claims were dismissed because Zarrow failed to allege state action. *Id.* at *2–3. The Title VII claims were dismissed because Zarrow failed to allege that she suffered discrimination based on membership in a protected class. *Id.* at *3. The Court granted Zarrow leave to amend her claims, and she has now filed an Amended Complaint against Inglis House, Henwood, and five additional Defendants.[1] (*See* ECF No. 11.) Because Zarrow has again failed to allege any plausible claims, the case will be dismissed.

---

[1] The additional Defendants are Marcella Forest, Julie Cao, Candace Sokoloski, Tantardzwa Zaba, and Tammy Pearson. The Amended Complaint refers to Sokoloski as a nurse's supervisor and to Pearson as a "CNA" (which the Court presumes to mean Certified Nursing Assistant). (Doc. No. 11 at 3.) Apart from the caption, Forest, Cao, and Zaba are not discussed in the Amended Complaint.

## I.    FACTUAL ALLEGATIONS[2]

The factual allegations contained in the Amended Complaint are brief and echo those made in Zarrow's original Complaint.  She asserts that while working on the third shift at Inglis House on an unspecified date in November 2025, she "was intimidated [and] harassed by the patient and staff members.  Candace Sokolowski forced [her] to work with the patient (Annalise Henwood), at which [time she] became harassed."  (Doc. No. 11 at 3.)  Zarrow also makes allegations against Defendant Pearson that the Court is unable to understand.[3]  Zarrow attaches as exhibits several documents including: (1) a copy of a request she submitted to Inglis House, asking not to be assigned to care for Henwood; (2) a copy of a handwritten note describing an abusive incident involving Henwood; (3) a letter from Inglis House to Henwood, transferring Henwood to a different facility; and (4) a series of unlabeled photos.  (*See id*. at 6–16.)  Zarrow alleges she has suffered "a mental injury by being threatened/intimidated" and "physical injury [from] doing other people's job[.]"  (*Id*. at 4.)

For her claims, Zarrow references the Fourteenth Amendment's Due Process Clause and also cites 42 Pa. Stat. & Cons. Stat. § 5524[4] accompanied by the phrase "personal injury."  (*Id*. at 2.)[5]  For relief, Zarrow seeks millions in damages from each Defendant.

---

[2] The factual allegations set forth in this Memorandum are taken from Zarrow's Amended Complaint.  (Doc. No. 11.)  The Court adopts the sequential pagination supplied by the CM/ECF docketing system.  Where the Court quotes from the Amended Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed.

[3] She alleges, "Tammy Pearson . . . at this facility Inglis House that forced this worker to verbally attack [me] by antagonizing to work with the patient (Annalise Henwood) that harassed [me] through other employers/employees . . ."  (*Id*. at 3.)

[4] Section 5524 sets forth a two-year statute of limitations for filing eight different types of civil actions in Pennsylvania, including various tort actions.

[5] Zarrow does not reassert her Title VII claim.  Many weeks before filing the operative Amended Complaint, Zarrow filed a "Complaint for Employment Discrimination," which did allege claims under Title VII.  (Doc. No. 8.)  However, her most recently filed Amended Complaint no longer asserts those claims.  (*See generally* Doc. No. 11); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)

## II.    STANDARD OF REVIEW

Because Zarrow has been granted leave to proceed *in forma pauperis*, 28 U.S.C.

§ 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a

claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face,'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)).  At this early stage of the

litigation, the Court accepts the facts alleged in the complaint as true, draws all reasonable

inferences in the plaintiff's favor, and asks only whether the complaint contains facts sufficient

to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021),

*abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir.

2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction.

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."); *see also Grp. Against Smog & Pollution, Inc. v.*

*Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject

matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua*

*sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing

federal jurisdiction.  *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir.

---

("In general, an amended pleading supersedes the original pleading and renders the original pleading a
nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal
citations omitted).  Accordingly, Zarrow's Title VII claim is waived.

2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted).

Because Zarrow is proceeding *pro se*, the Court construes her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 245). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23cv1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.") (quoting *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

## III.  DISCUSSION

The Court granted Zarrow leave to file an Amended Complaint to give her an opportunity to provide additional facts and plead a plausible claim to relief. Her Amended Complaint fails to do either.

Zarrow again invokes the Fourteenth Amendment's Due Process Clause, but she fails to heed the Court's prior instruction that she is required to plead state action for those claims to be plausible under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the

4

violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Township of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."). In her Amended Complaint, Zarrow names as Defendants a private nursing home facility and six individuals, several of whom are not discussed anywhere in the pleading. Nothing in the Amended Complaint suggests that any of these parties is a public actor. As the Court previously noted, "[t]he mere fact that nursing homes such as Inglis House may be regulated or subsidized by the state—facts that are not even alleged in the Complaint—does not render them state actors." *Zarrow*, 2026 WL 286126 at *3. Nor is there any suggestion that the six individuals named in the Amended Complaint are anything but private actors. *See Coulter v. Coulter*, No. 22cv1806, 2023 WL 3075044, at *13 (W.D. Pa. Apr. 25, 2023) (noting that "[p]rivate individuals ordinarily do not act under color of state law and thus are not liable under Section 1983.") (citation and quotation marks omitted), *aff'd*, No. 23cv2222, 2024 WL 163081 (3d Cir. Jan. 16, 2024). Because Zarrow has failed to bring her claims against a state actor, her Fourteenth Amendment due process claims are not plausible and will be dismissed with prejudice.[6]

By referencing 42 Pa. Stat. & Cons. § 5524, Zarrow may be attempting to allege a Pennsylvania state law personal injury claim against unspecified Defendants. Having dismissed her federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C.

---

[6] Moreover, as to Defendants Forest, Cao, and Zaba, the Amended Complaint contains no factual allegations regarding their conduct. Thus, they are dismissed for the additional reason that Zarrow fails to plead their personal involvement in any unconstitutional act. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (explaining that in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims).

§ 1367(c) over any state law claims.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Benefit Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  It is the plaintiff's burden to establish diversity of citizenship.  *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20cv2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Zarrow does not allege the citizenship of the parties.  Rather, she provides a Philadelphia address for herself and for several of the Defendants, which suggests that diversity is lacking.  (*See* Doc. No. 11 at 1–2.)  Accordingly, she has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims she intends to pursue.

**IV.    CONCLUSION**

For the foregoing reasons, Zarrow's Fourteenth Amendment due process claim will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim[7] and any state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.  Zarrow's motion to appoint counsel and superfluous *in forma pauperis* motion will be denied as moot.  An appropriate order follows.

---

[7] Dismissal is with prejudice because Zarrow was previously given an opportunity to cure the defects in her federal law claims and was unable to do so; thus, the Court concludes that further amendment would be futile.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story"); *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." (citation omitted)).